Footnotes in HTML versions of 
opinions are designated by boxes (click on the box to see the footnote text) and 
are not numbered. For an exact copy of the opinion, retrieve the Adobe PDF 
version.
 
IN 
THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0111
════════════
 
Matagorda County Hospital 
District, Petitioner,
 
v.
 
Christine Burwell, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
PER CURIAM
 
              The 
dispositive issue in this case is whether a statement 
in a personnel policy manual that “[e]mployees may be 
dismissed for cause” constitutes an agreement that dismissal may be only 
for cause, thereby modifying the at-will employment relationship. We hold it 
does not and therefore reverse the judgment of the court of appeals 

and render judgment for petitioner.
              Respondent 
Christine Burwell had been employed by petitioner Matagorda County Hospital 
District for nearly ten years as a collections supervisor when she was placed on 
probation and later terminated. The District cited her poor attitude, breaches 
of patient confidentiality, and unprofessional conduct as reasons for its 
decision, all of which Burwell disputed. Burwell, then 52, sued for age 
discrimination and breach of employment contract. The trial court granted 
summary judgment for the District on the contract claim, but the court of 
appeals reversed and remanded. 

A jury then found for Burwell on her contract claim but against her on the 
discrimination claim. The trial court rendered judgment on the verdict, and only 
the District appealed, contending in part that there was no evidence of breach 
of contract. This time, a divided court of appeals affirmed. 


              The 
District had a personnel policy manual, section 18 of which stated that 
“[e]mployment at the Hospital is by mutual arrangement 
and may be terminated by either the employee or the employer.” But section 18 
went on to provide that “[a]ll employee records will 
indicate the nature of termination which will be” for specifically listed 
reasons — either resignation, quitting, layoffs, 
dismissal, termination during a probationary period, or retirement. Regarding 
dismissal, the manual stated:
e.Dismissal — Employees may be dismissed for cause such as 
insubordination, serious misconduct, or for inability to perform the duties of 
their job satisfactorily. Department Heads and Supervisors may place an employee 
on suspension but all dismissal action must be reviewed by the Personnel Officer 
and approved by the Administrator before action will be taken. Dismissal will be 
classified as follows:
 
(1).Dismissal 
with Notice — Employees judged incapable of performing the duties of their job 
satisfactorily and have worked beyond the probationary period will receive two 
weeks notice or two weeks pay in lieu of notice, at the discretion of the 
Department Head.
 
(2).Dismissal 
without Notice — Serious violations of policy. Employee will receive no terminal 
benefits.
Burwell 
contends that this provision modified her at-will employment and permitted her 
to be dismissed only for cause. The court of appeals agreed, stating that “the 
manual clearly provides that employees may only be terminated for the inability 
to satisfactorily perform their job or for serious violations of hospital 
policy.” 


              The 
court of appeals misread the manual. It plainly provides that dismissal may be 
for cause, but it nowhere suggests that dismissal may be only for cause, 
and that limitation cannot simply be inferred. As we stated in Montgomery 
County Hospital District v. Brown:
For 
well over a century, the general rule in this State, as in most American 
jurisdictions, has been that absent a specific agreement to the contrary, 
employment may be terminated by the employer or the employee at will, for good 
cause, bad cause, or no cause at all. 


Even 
assuming that the employee manual created a contract between the District and 
its employees, and it may not have, a statement that an employee may be 
dismissed for cause is not a specific agreement that an employee may be 
dismissed only for cause. Nor was the manual’s requirement that employee records 
state one of several bases for termination a specific agreement to alter 
Burwell’s at-will employment, as the court of appeals suggested. 

On its face, the requirement pertained only to the District’s 
record-keeping.
              The 
court of appeals noted that Burwell understood as a supervisor that dismissal 
could only be for cause, 

but her subjective understanding could not create a contract with the District. 
As we have said:
It 
is elementary that if there is no ambiguity, the construction of the written 
instrument is a question of law for the Court. It is the general rule of the law 
of contracts that where an unambiguous writing has been entered into between the 
parties, the Courts will give effect to the intention of the parties as 
expressed or as is apparent in the writing. In the usual case, the instrument 
alone will be deemed to express the intention of the parties for it is 
objective, not subjective, intent that controls. 


The 
same is true of the “various managers” cited by the court of appeals, “including 
the business office manager and the district chief financial officer, 

who were both involved in the decision to terminate Burwell, [and who] testified 
they believed the personnel policy manual provided they could only terminate an 
employee for cause.” 

The “various managers” included no one but the two persons specifically 
referenced, one of whom was equivocal, and neither could vary the plain terms 
of the manual by his subjective belief any more than 
Burwell could. Burwell does not contend that other District managers assured 
her that she would be terminated only for cause. Even if such assurances 
had been made, we stated in Brown that “the employer must unequivocally 
indicate a definite intent to be bound not to terminate the employee except 
under clearly specified circumstances” for the at-will relationship to be 
altered. 

The evidence in this case does not approach this standard.
              There 
was no evidence that the District breached any contract of employment with 
Burwell. Accordingly, we grant the Hospital’s petition for review and without 
hearing oral argument, reverse the judgment of the court of appeals and render 
judgment that Burwell take nothing. 


 
Opinion 
delivered: February 24, 2006